**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 06105**
carlpost@lawofficeofdanielsnyder.com
**John David Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for Plaintiff Angela Branford

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **ANGELA BRANFORD,** | Case No. 3:17-cv-00094 |
| **PLAINTIFF**, | **COMPLAINT** |
| v. | **(42 U.S.C. § 1983, Title VII, and pendent state claims)** |
| **WASHINGTON COUNTY, OREGON; PAT GARRETT; JONATHAN CHRISTENSEN; JOHN BLACK, and THE CITY OF PORTLAND, OREGON,** | **JURY TRIAL DEMANDED** |
| **DEFENDANTS**. | |

## PRELIMINARY STATEMENT

1.    This is an action for damages, including compensatory damages, equitable relief, including injunctive and declaratory relief, attorney fees, costs, and interest.

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

2.      In this action pursuant to 42 U.S.C. § 1983, Plaintiff Angela Branford (hereafter "Angela Branford") seeks redress for the violation of her civil rights by Defendants under federal law, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      Angela Branford brings this action to remedy violations of her statutory rights under ORS 659A.030, ORS 659A.199, ORS 659A.203, ORS 659A.230, ORS 659A.290, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983, and seeks equitable relief as well as compensatory damages, attorneys' fees and costs.

4.      Angela Branford has also pled pendent state claims for negligence, invasion of privacy, breach of confidentiality, battery, and intentional infliction of emotional distress.

## JURISDICTION

5.      This Court has subject matter jurisdiction of this lawsuit under both 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights jurisdiction).

6.      Venue is proper in the Portland Division of the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District because a substantial part of the events giving rise to the claims occurred in Washington County and Multnomah County, which are both in the Portland Division.

7.      Angela Branford requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

8.      To the extent applicable to any claims alleged herein, Angela Branford fully complied with the Oregon Tort Claims Act.

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

9.      On August 31, 2015, Angela Branford sent a Notice of Tort Claim by email, facsimile, first-class mail, and certified mail to Sara Stevenson, Risk Manager, and Alan A. Rappleyea, Washington County Counsel, making a claim against Washington County, Oregon.

10.     On June 16, 2016, Angela Branford sent a second Notice of Tort Claim by email, facsimile, first-class mail, and certified mail to Risk Manager and Washington County Counsel, making a claim against Washington County, Oregon.

11.     On November 11, 2016, Angela Branford sent a Notice of Tort Claim by email, facsimile, first-class mail, and certified mail to City of Portland Risk Management, making a claim against the City of Portland.

12.     On December 16, 2016, Angela Branford sent a third Notice of Tort Claim by email, facsimile, first-class mail, and certified mail to Risk Manager and Washington County Counsel, making a claim against Washington County, Oregon.

13.     All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied.

   a.      On December 18, 2015, Angela Branford filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case number EEEMSH151223-13477, for violation of Title VII of the Civil Rights Act of 1964 and Oregon Unlawful Employment Practice. On January 8, 2016, BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 38D-2016-00188C.

   a.      On October 24, 2016, BOLI issued Angela Branford a right-to-sue letter for case number EEEMSH151224-13477.

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

b.     On November 18, 2016, the EEOC issued Plaintiff a right-to-sue letter for charge number 38D-2016-00188 for violation of Title VII.

b.     On June 3, 2016, Angela Branford filed a charge of employment discrimination and retaliation with BOLI, case number EEEMSH160608-10810, for violation of Title VII of the Civil Rights Act of 1964 and Oregon Unlawful Employment Practices. On or about June 10, 2016, BOLI co-filed a charge with the EEOC, charge number 38D-2016-00566C for violation of Title VII.

c.     On October 24, 2016, BOLI issued Angela Branford a right-to-sue letter for case number EEEMSH160608-10810.

d.     On November 18, 2016, the EEOC issued Angela Branford a right-to-sue letter for charge number 38D-2016-00566C.

## PARTIES

14.    Angela Branford is a female citizen of the United States of America. At all times relevant, Angela Branford was a resident of Washington County, Oregon and was and is an employee of Washington County. She is currently a Deputy Sheriff working in the Washington County Sheriff's Office (hereafter "WCSO").

15.    Defendant Washington County (hereafter "the County") is a political subdivision of the State of Oregon. The County acted individually and jointly under color of state law to deprive Angela Branford of her civil rights, life, liberty, and property. Because the County acted knowingly, recklessly, and in disregard of well-established law, with no objectively reasonable basis for its actions, its action was an abuse of government power. The County does not have

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

qualified immunity from damages under the standards set forth by the United States Supreme County, the Ninth Circuit Court of Appeals, and this Court.

16.    Defendant Pat Garrett ("Sheriff Garrett") is the Sheriff of Washington County. Sheriff Garrett acted individually and jointly under color of state law to deprive Angela Branford of her civil rights, life, liberty, and property. Because Sheriff Garrett acted knowingly, recklessly, and in disregard of well-established law, with no objectively reasonable basis for his actions, his actions were an abuse of government power. Sheriff Garrett does not have qualified immunity from damages under the standards set forth by the United States Supreme County, the Ninth Circuit Court of Appeals, and this Court.

17.    At all times material, Defendant Jonathan Christensen ("Sergeant Christensen") was a Sergeant employed by the County at the WCSO. Sergeant Christensen acted individually and jointly under color of state law to deprive Angela Branford of her civil rights, life, liberty, and property. Because Sergeant Christensen acted knowingly, recklessly, and in disregard of well-established law, with no objectively reasonable basis for his actions, his actions were an abuse of government power. Sergeant Christensen does not have qualified immunity from damages under the standards set forth by the United States Supreme County, the Ninth Circuit Court of Appeals, and this Court.

18.    Defendant John Black ("Lieutenant Black") is a Lieutenant at WCSO. Lieutenant Black acted individually and jointly under color of state law to deprive Angela Branford of her civil rights, life, liberty, and property. Because Lieutenant Black acted knowingly, recklessly, and in disregard of well-established law, with no objectively reasonable basis for his actions, his actions were an abuse of government power. Lieutenant Black does not have qualified immunity

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

from damages under the standards set forth by the United States Supreme County, the Ninth Circuit Court of Appeals, and this Court.

19.     Defendant City of Portland ("the City") is a city in Multnomah County, Oregon. The Portland Police Bureau ("PPB") is a bureau or department of the City of Portland. The City acted individually and jointly under color of state law to deprive Angela Branford of her civil rights, life, liberty, and property.

## GENERAL FACTUAL ALLEGATIONS

20.     The work environment at WCSO commonly subjects female employees to sexual misconduct. Sexual misconduct toward female employees by WCSO male officers is especially tolerated by the WCSO.

21.     WCSO employees are discouraged from reporting sexual harassment and misconduct. Only a few male officers have been disciplined for flagrant misconduct toward female employees. Very few of those male officers who were disciplined suffered any significant discipline. Some female and male employees even when they knew of sexual misconduct would refuse to report it, viewing their silence as protective of their fellow officers or for fear of retaliation.

22.     There has been a long history of sexually harassing conduct toward Angela Branford at work as set forth herein. This conduct included the following: WCSO Sergeant Kelly Degman, a male, who stated before approximately twenty male jail inmates that Angela Branford was wearing "crotch-less panties" as she was standing there; Sergeant Seimiller said in front of four or five male deputies "hey your shoes are untied" causing Angela Branford to bend over with the deputies staring at her body, then repeating these comments over approximately one year; Sergeant Cardinal said to Angela Branford, "When do I get to see those tits?"; Sergeant

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

Cardinal contacted Angela Branford while on patrol, asked to use her bathroom, told her what a large penis he had, pulled his erect penis out of his uniform trousers, and said "Don't you want to play with that"; and the conduct of Sergeant Christensen as set forth below.

23.    While working for the County, Angela Branford met Sergeant Christensen, a male WCSO employee. Sergeant Christensen was her training officer and superior. Sergeant Christensen, who then was married to a female Hillsboro Police Department officer, engaged in grooming behavior toward Angela Branford to win her trust. Sergeant Christensen then initiated a sexual relationship with Angela Branford, which continued intermittently for several years, beginning when Christensen was a corporal and continuing as Christensen was promoted to sergeant.

24.    On several occasions, Angela Branford attempted to end her relationship with Sergeant Christensen. As time passed, Sergeant Christensen's behavior toward Angela Branford became increasingly toxic, demanding, and creepy. In both 2014 and 2015, Angela Branford told Sergeant Christensen that she did not want to see him anymore. Sergeant Christensen responded by pressuring Angela Branford to continue a sexual relationship with him. Sergeant Christensen repeatedly contacted Angela Branford by telephone and text, and sent her photographs of his genitals.

25.    Sergeant Christensen used resources of the County to stalk Angela Branford. Sergeant Christensen took time while on duty to do surveillance on Angela Branford and her residence.  While Sergeant Christensen was on duty and driving a Sheriff's car, he used the patrol car's emergency lights to pull over Angela Branford, who was off duty and in her private automobile, as a pretext to talk to her about what he referred to as "our relationship." Sergeant Christensen also told Angela Branford that he used the County's law enforcement resources,

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

which should be restricted to legitimate law enforcement purposes, to run data inquiries on the license plates of cars outside her home so he could keep tabs on her for his own purposes. Sergeant Christensen let Angela Branford know he was watching her, commenting to her about the individual she was dating and about his car. Sergeant Christensen told Angela Branford that while at work, he had run the license plate number of an individual Angela Branford was dating, Later, after a criminal investigation was opened by the PPB, Angela Branford was told by the Portland Police that Sergeant Christensen had repeatedly used the County's law enforcement resources to run checks on an "extremely high number of plates" on vehicles in her neighborhood.

26.    On or about March 7, 2015, Sergeant Christensen arrived at Angela Branford's residence while he was on duty, in uniform, and carrying his sidearm. Sergeant Christensen demanded access to Angela Branford's residence. Angela Branford stopped him at the door, stating that she wanted to break off the relationship. Sergeant Christensen got angry and got into a heated argument with Angela Branford. Sergeant Christensen told Angela Branford that regardless of whether she had another boyfriend or even got married, he would require Angela Branford to continue to see him to have sexual intercourse. When Angela Branford said "no," Sergeant Christensen grabbed her hair with one hand, put his other hand around her throat, choking her, moved her person, forced her against the wall, shouting repeatedly, "Promise me. Promise me, bitch. Promise me." Sergeant Christensen did not release Angela Branford's throat until fearing for her safety, she choked out the words, "I promise."

27.    After Sergeant Christensen's March 7, 2015 violent attack on Angela Branford, Sergeant Christensen continued to make sexual demands on Angela Branford. Sergeant Christensen continued to touch Angela Branford in an offensive, unwanted, and intimate way,

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

with explicit and implicit threats of continued physical violence, and abuse of his official authority as a sworn WCSO manager. Under the threat of renewed physical violence, Sergeant Christensen coerced Angela Branford to have sexual intercourse with him.

28.    Angela Branford was afraid to report Sergeant Christensen's attack, coercion, and misuse of County resources, to WCSO command staff for several reasons, including because of the way female WCSO employees had been treated in the past when they complained about sexual harassment, the failure by the WCSO to discipline perpetrators of sex and gender discrimination, and because she was fearful of retaliation.

29.    In April 2015, WCSO Deputy Nick Markos and Samantha Parrish, who was not a County employee, sent an anonymous letter to *The Oregonian* newspaper about sexual harassment of female WCSO employees. When the contents of that letter were reported on by the newspaper in a news story, the WCSO began an in-house investigation concerning sexual harassment of female employees.

30.    After *The Oregonian* article or news story, WCSO management interviewed Angela Branford about Sergeant Christensen. WCSO referred investigation of the crime to PPB, at which point it was assigned to two PPB detectives, Detective Jeff Myers and Detective Nathan Wollstein.

31.    A PPB detective, Detective Jeff Myers, met with Angela Branford and interviewed her at his office at PPB. Detective Myers directed Angela Branford to hand him her mobile telephone. Angela Branford resisted handing her mobile telephone to Detective Myers because the data on mobile telephone included a great deal of personal and intimate information, including personal text messages, emails, and photographs that had nothing to do with this or any pending criminal investigation. Detective Myers persuaded Angela Branford to allow him to

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

extract and copy the telephone hard drive under his promise of confidentiality. Deputy Myers promised Angela Branford that if she allowed him to copy the hard drive of the telephone, a copy of the telephone hard drive extraction would *never* be given to anyone else. Deputy Myers told Angela Branford that if anyone needed to see the contents of her telephone for the prosecution of Sergeant Christensen, they would have to come to his desk and they could view the contents, but would not receive a copy. Detective Myers said, "No one will get a copy of your phone." This statement was witnessed by Detective Nathan Wollstein and Victim Advocate Susan Lehman.

32.    Detectives Myers and Wollstein instructed Angela Branford to take leave for the duration of their investigation of Sergeant Christensen for her protection. The County refused Angela Branford's request to be put on paid administrative leave and required Angela Branford to use any personal accrued vacation time to cover absences from work. WCSO commanders told Angela Branford if she needed more time off work than her accrued vacation time, she could take that time off work as ***unpaid*** administrative leave. Angela Branford feared that if she took unpaid leave she would both lose her seniority and have trouble paying her living expenses.  As a consequence, Angela Branford was only able to take eight days of leave. During that time, she obtained a restraining order against Sergeant Christensen and defended his efforts to have the restraining order removed. She has incurred legal expenses in doing so of which approximately $9,900 is still unpaid and owing to the lawyers that assisted her in that matter.

33.    After Angela Branford returned to work at the WCSO following the eight days of leave that she took, her workplace at the Washington County Jail was rampant with gossip about her turning in Sergeant Christensen. Angela Branford spoke to her supervisors about the gossip, telling them it was upsetting her. WCSO sent an email out to all employees about privacy, but sending the email backfired and generated even more gossip. Angela Branford spoke again to a

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

supervisor, Sergeant Siemiller, about the rumors and gossip and how upset she was. Sergeant

Siemiller said, "It's going to happen, just ignore it" but offered no assistance.

34.     At least two WCSO male sergeants were suspended by Defendant County

pending investigation of their misconduct toward female employees of the WCSO as a result of

*The Oregonian* article. Those misbehaving sergeants were put on ***paid*** administrative leave.

35.     After Angela Branford made her criminal report about Sergeant Christensen she

also filed BOLI and EEOC administrative complaints against the County, Angela Branford's

work environment became increasingly hostile. WCSO coworkers told Angela Branford that

certain other  WCSO deputies were unhappy with her for reporting Sergeant Christensen to the

police and participating in the prosecution of him.  Angela Branford realized that the work

environment at the WCSO was supportive of those who violated policies and punitive toward the

victims, making Sergeant Christensen's conduct both possible and tolerated.

36.     On May 19, 2016, Angela Branford attended an official firearms training session

of the WCSO known as IFAST training. This training occurred at the Tri-County Gun Club in

Sherwood, Oregon. Her instructor was Deputy Justin Ulrich, a male WCSO deputy. That day,

Angela Branford had several conversations with Deputy Ulrich about her firearms accuracy.

Around 11:00 a.m. that day, Deputy Ulrich said to her, "What the hell is going on with you?"

Angela Branford replied to him that she had been receiving text messages from a coworker

informing her that that a group of employees were continuing to criticize her and make negative

comments about her and that this upset her. Angela Branford said, "It is getting in my head. I

don't want to be here." Deputy Ulrich said, "Well, you have to be here." At approximately

3:00 p.m. that day, Deputy Ulrich said to Angela Branford, "You are still in your head, aren't

you?" Angela Branford said, "Yes, I can't make it go away." Deputy Ulrich said, "How about if I

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

take you in the back of your van and give you something to take your mind off of it?" Angela Branford said, "What?" Deputy Ulrich said, "That's what we do, we help each other out." Angela Branford realized that Deputy Ulrich was crudely asking her to have sex with him. Angela Branford reported Deputy Ulrich's conduct to Sheriff Garrett by email.

37.    On May 23, 2016, Sergeant Spencer Arrowwood directed Angela Branford to attend a meeting with Sheriff Garrett and Lieutenant Black, the commander charge of WCSO internal affairs section. Sheriff Garrett said, "I got your email. We take this very seriously." Angela Branford said, "I am very uncomfortable being here. I need to do the right thing. However, when my coworkers find out (I reported Deputy Ulrich), I will be the bitch who can't take a joke and I will be the person who is too thin-skinned to work here." Lieutenant Black then directed Angela Branford to give a recorded interview regarding Deputy Ulrich. During that interview, Lieutenant Black said he had read everything about Angela Branford's complaint about Sergeant Christensen. Lieutenant Black then said, "So I am going to ask you. What kind of relationship did you have with Ulrich?" Angela Branford said, "We did not have a relationship." Lieutenant Black said, "Are you sure you don't text each other? Do you Facebook?" Lieutenant Black went on and off the recorded interview and kept pushing Angela Branford to say she had a personal relationship with Deputy Ulrich when none existed between them. At the end of the interview, Angela Branford was left feeling that Lieutenant Black believed she had done something wrong, that she was not successful with men in general, and that she should expect the kind of disrespectful treatment she received from Deputy Ulrich.

38.    On May 25, 2016, Angela Branford was asked to meet with PPB detectives to discuss a second criminal investigation PPB was doing concerning Corporal Nick Markos, the WCSO deputy who had originally written The Oregonian. During the meeting concerning

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

Corporal Markos, Detective Myers told Angela Branford that he gave PPB Internal Affairs a copy of the data he extracted in 2015 from her mobile telephone. Detective Myers told Angela Branford that PPB Internal Affairs had given WCSO Internal Affairs the copy of the data he extracted from her mobile telephone hard drive. Detective Myers then told her that Lieutenant John Black had the contents of all of the data from her mobile telephone. Angela Branford became upset and reminded Detective Myers of his promise not to allow anyone to have a copy of the data he extracted from the hard drive of her mobile telephone. Detective Myers agreed that he had promised Angela Branford not to allow anyone to copy the data from Angela Branford's mobile telephone. In Angela Branford's presence, Detective Myers and Lieutenant Black then had a telephone conference in which they discussed the copy Detective Meyers made of the data from the hard drive of her mobile telephone. During that Lieutenant Black said that the County has a legal right to all of the contents of Angela Branford's telephone and that she had no rights. Although Lieutenant Black was asked to return the copy of the data copied from Angela Branford's telephone, Lieutenant Black said he would not do so. Angela Branford became very upset.  Lieutenant Black told Angela Branford to take the rest of the day off work.

39.    On May 26, 2016, Angela Branford told WCSO Sergeant Arrowwood about the PPB allowing Lieutenant Black to have a copy of the data from her mobile telephone. Sergeant Arrowwood replied unsympathetically, saying, "People think you are losing it." Angela Branford told Sergeant Arrowwood that she was upset that WCSO Internal Affairs was looking at the contents of her telephone. Sergeant Arrowwood directed Angela Branford to go home. Sergeant Arrowwood told Angela Branford that she could not return to work again until she met with Lieutenant Black.

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

40.    On May 30, 2016, Angela Branford met with Lieutenant Black, who again recorded parts of their conversation. Lieutenant Black said he realized that Angela Branford's stress level was high. Lieutenant Black said, "What if I could get you a job completely outside of the Sheriff's Office?" Angela Branford asked Lieutenant Black what he was talking about. At the end of that meeting, Lieutenant Black turned off the recorder and said that the job he was referring to would not be washing buses or flagging, but it would be outside the Sheriff's Office. Angela Branford felt threatened by the prospective loss of her law enforcement job.

41.    In July 2016, Sergeant Christensen pleaded guilty to one count each of coercion, strangulation, and official misconduct in the first degree before Judge Charles Bailey in Washington County Circuit Court.

42.    Between May 25, 2016, and August 15, 2016, the exact date of which is unknown to Angela Branford, Lieutenant Black sent a copy of the confidential data extraction of Angela Branford's mobile telephone to another County employee, Elmer Dickens. Email communications provided by the County to the Oregon Bureau of Labor and Industries show that on August 15, 2016, Elmer Dickens sent a private investigator, Charles Faulk, who is not a County employee, a copy of the confidential data extraction of Angela Branford's mobile telephone and photographs. Dickens instructed Charles Faulk to view the contents of the extraction, which contained intimate visual recordings of Angela Branford, personal emails, and texts concerning Angela Branford, and which were unrelated to any criminal investigation. Charles Faulk viewed the contents, possibly deleted some of the contents of the data files, and sent four DVDs containing the data to Mr. Dickens on August 22, 2016.

PAGE 14 – COMPLAINT AND DEMAND FOR JURY TRIAL

43.     On September 6, 2016, a Washington County Circuit Judge sentenced Sergeant Christensen to two years of probation, community service, and anger management counseling, but did not sentence him to any jail time.

## FIRST CLAIM FOR RELIEF
### (Title VII Gender and Sex Discrimination – 42 U.S.C. § 2000e-2)
### (Against Washington County)

44.     Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

45.     At all material times, the County was an employer within the meaning of 42 U.S.C. § 2000e(b).

46.     The County discriminated against Angela Branford with respect to the terms and conditions of her employment because of Angela Branford's sex and gender, to wit female.  The County changed the terms and conditions of Angela Branford's employment based upon her status as a female, minority, selectively enforced policies or practices to the detriment of Angela Branford because of her sex and gender, and subjected her to a hostile work environment.

47.     The County's conduct violated 42 U.S.C. § 2000e-2.

48.     Angela Branford is entitled to a declaration that the conduct of the County violated 42 U.S.C. § 2000e-2.

49.     As a result of the County's unlawful employment actions, Angela Branford suffered, and continues to suffer, economic and non-economic damages.  Angela Branford is entitled to damages, attorney fees, costs, and interest as alleged below.

## SECOND CLAIM FOR RELIEF
### (Oregon Sex and Gender Discrimination – ORS 659A.030)
### (Against Washington County)

50.     Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

PAGE 15 – COMPLAINT AND DEMAND FOR JURY TRIAL

51.    The County is an "employer" within the meaning of ORS 659A.001(4) and ORS 659A.030.

52.    The County discriminated against Angela Branford with respect to the terms and conditions of her employment and threatened discipline of Angela Branford because of Angela Branford's sex and gender.

53.    The County's conduct violated ORS 659A.030.

54.    Angela Branford is entitled to a declaration that the conduct of the County violated ORS 659A.030.

55.    As a result of the County's unlawful employment actions, Angela Branford suffered, and continues to suffer, economic and non-economic damages.  Angela Branford is entitled to damages, attorney fees, costs, and interest as alleged below.

## THIRD CLAIM FOR RELIEF
### (Title VII Retaliation – 42 U.S.C. § 2000e-3)
### (Against Washington County)

56.    Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

57.    The County retaliated against Angela Branford because she opposed discrimination based on her sex and gender.

58.    The County's conduct violated 42 U.S.C. § 2000e-2.

59.    The Court should enter an order declaring that the County violated 42 U.S.C. § 2000e-2.

60.    As a result of the County's unlawful employment actions, Angela Branford suffered, and continues to suffer, economic and non-economic damages.  Angela Branford is entitled to damages, attorney fees, costs, and interest as alleged below.

PAGE 16 – COMPLAINT AND DEMAND FOR JURY TRIAL

**FOURTH CLAIM FOR RELIEF**
**(ORS Chapter 659A.199 – Whistleblower)**
**(Against Washington County)**

61.     Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

62.     Angela Branford reported to the County conduct that she believed was evidence of a violation of state or federal law, rule, or regulation.

63.     The County discriminated and retaliated against Angela Branford because of the report she made.  The County's actions violated ORS 659A.199, are an unlawful employment practice, and caused Angela Branford economic and non-economic damages.

64.     As a result, Angela Branford suffered damages and is entitled to the damages and other relief set forth below.

**FIFTH CLAIM FOR RELIEF**
**(ORS Chapter 659A.203 – Whistleblower)**
**(Against Washington County)**

65.     Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

66.     Angela Branford reported to the County conduct that she believed was evidence of a violation of state or federal law, rule, or regulation.

67.     The County discriminated and retaliated against Angela Branford because of the report she made.  The County's actions violated ORS 659A.203, are an unlawful employment practice, and caused Angela Branford economic and non-economic damages.

68.     As a result, Angela Branford suffered damages and is entitled to the damages and other relief set forth below.

**SIXTH CLAIM FOR RELIEF**
**(ORS Chapter 659A.230 – Whistleblower)**
**(Against Washington County)**

69.     Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

PAGE 17 – COMPLAINT AND DEMAND FOR JURY TRIAL

70.     Angela Branford reported criminal activity to the County.

71.     The County discriminated and retaliated against Angela Branford because of the reports she made.  The County's actions violated ORS 659A.230, are an unlawful employment practice, and caused Angela Branford economic and non-economic damages.

72.     As a result, Angela Branford suffered damages and is entitled to the damages and other relief set forth below.

**SEVENTH CLAIM FOR RELIEF**
**(ORS Chapter 659A.290 – Victim of Domestic Violence/Sex harassment)**
**(Against Washington County)**

73.     Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

74.     Angela Branford was a victim of domestic violence, harassment, stalking, and/or sexual assault, as alleged above.

75.     The County discriminated and retaliated against Angela Branford because or her status as a victim of domestic violence, harassment, stalking and/or sexual assault.

76.     The County's actions violated ORS 659A.290, are an unlawful employment practice, and caused Angela Branford economic and non-economic damages.

77.     As a result, Angela Branford suffered damages and is entitled to the damages and other relief set forth below.

**EIGHTH CLAIM FOR RELIEF**
**(ORS Chapter 659A.030(1)(g) – Aiding and Abetting)**
**(Against the City of Portland)**

78.     Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

79.     The City aided, abetted, incited, compelled, and coerced the unlawful employment practices of the County, as alleged above, against Angela Branford by providing her

PAGE 18 – COMPLAINT AND DEMAND FOR JURY TRIAL

private and confidential information, the data extraction from her mobile telephone, to the County.

80.     The City's actions violated ORS 659A.030(1)(g), are an unlawful employment practice, and caused Angela Branford economic and non-economic damages.

81.     As a result, Angela Branford suffered damages and is entitled to the damages and other relief set forth below.

## DAMAGES FOR PLAINTIFF'S
## FIRST THROUGH EIGHTH CLAIMS FOR RELIEF
## AGAINST DEFENDANTS

82.     Angela Branford is entitled to equitable relief, including, but not limited to, a declaration that the defendants violated Angela Branford's statutory rights, and an injunction prohibiting further discrimination and retaliation.

83.     Angela Branford is entitled to an award for economic damages for past and future pecuniary losses. Angela Branford should be awarded economic damages in an amount determined to be fair by a jury.

84.     Angela Branford is entitled to non-economic damages sufficient to compensate Angela Branford for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Angela Branford should be awarded non-economic damages in an amount determined to be fair by a jury.

85.     Defendant's acts were willful and malicious and done with reckless indifference to Angela Branford's protected rights. Defendants should be assessed with punitive damages in an amount as fixed by a jury to punish them and to deter such conduct in the future.

PAGE 19 – COMPLAINT AND DEMAND FOR JURY TRIAL

86.     Angela Branford is entitled to a declaration that the City's conduct violated 42 U.S.C. § 2000e-2, 42 U.S.C. § 2000e-3, ORS 659A.030, ORS 659A.199, ORS 659A.230, and ORS 659A.203, and that the City's conduct violated ORS 659A.030(1)(g).

87.     To the extent any amount awarded to Angela Branford is for damages occurring prior to the entry of judgment, Angela Branford is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

88.     Pursuant to ORS 659A.885, ORS 20.107, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e-5(k), Angela Branford is entitled to recover her reasonable attorney fees and costs, including expert witness fees.

89.     Angela Branford is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

<u>**NINTH CLAIM FOR RELIEF**</u>
**(42 U.S.C. § 1983)**
**(Against All Defendants – Washington County, Sheriff Garrett, Lieutenant Black, Sergeant Christensen, and City of Portland)**

90.     Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

91.     The procurement by the City of Portland Internal Affairs of Angela Branford's mobile telephone data from Detectives Myers and Wollstein and then providing that information to the County and Lieutenant Black interfered with Angela Branford's property rights.

92.     The procurement by the County, Lieutenant Black, and Sheriff Garrett of the data on Angela Branford's mobile telephone interfered with Angela Branford's property rights.

93.     The disbursement of data on Angela Branford's mobile telephone by Lieutenant Black and Sheriff Garrett to Elmer Dickens interfered with Angela Branford's property rights.

94.     The disbursement of data on Angela Branford's mobile telephone by Elmer Dickens to a private investigator interfered with Angela Branford's property rights.

PAGE 20 – COMPLAINT AND DEMAND FOR JURY TRIAL

95.    The County, the City, Sheriff Garrett, and Lieutenant Black, acting under color of state law, deprived Angela Branford of equal protection under the law and of due process in violation of her Constitutional rights under the Fifth and Fourteenth Amendments of the U.S., as alleged above.

96.    Sergeant Christensen engaged in a deliberate and outrageous invasion of Angela Branford's bodily integrity in violation of her rights under the Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. Sergeant Christensen misused and abused the official power granted to him by the state in the performance of his official duties thereby causing the harm to Angela Branford. Sergeant Christensen engaged in conduct with malice and deliberate indifference to Angela Branford's constitutional and statutory rights.

97.    The City, acting under color of state law, violated Angela Branford's Fourth, Sixth, and Fourteenth Amendment rights by taking her private mobile phone contents and providing them to the County.

98.    As a direct and proximate result of Defendants' unlawful actions, Angela Branford has suffered damages including physical, mental, and emotional pain and suffering, mental anguish, humiliation, and embarrassment.

99.    Angela Branford is entitled to an award for economic damages for past and future pecuniary losses. Angela Branford should be awarded economic damages in an amount determined to be fair by a jury.

100.    Angela Branford is entitled to non-economic damages sufficient to compensate her for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Angela Branford should be awarded non-economic damages in an amount determined to be fair by a jury.

PAGE 21 – COMPLAINT AND DEMAND FOR JURY TRIAL

101.    Angela Branford is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

102.    Angela Branford is entitled to equitable relief, including, but not limited to, a declaration that the defendants violated Angela Branford's constitutional rights, and an injunction prohibiting constitutional violations.

103.    Angela Branford is entitled to as attorney fees and costs, pursuant to 42 U.S.C. §§ 1988 and 1820.

**TENTH CLAIM FOR RELIEF**
**(Negligence)**
**(Against Washington County)**

104.    Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

105.    The County knew or should have known that failure to put a stop to widespread sexual harassment of female employees of WCSO by its male employees would lead to an environment in which male employees, such as Sergeant Christensen, felt free to pressure women for sex and to commit assault and battery on them.

106.    The County knew or should have known that Sergeant Christensen was using County records and resources to stalk Angela Branford. Before Sergeant Christensen attacked Angela Branford, Sergeant Christensen had harassed a female citizen, which was reported to WCSO.

107.    The County was negligent in supervising Sergeant Christensen, which resulted in him sexually harassing a female citizen and Angela Branford, in committing an assault and battery on Angela Branford, and in intimidating Angela Branford.

108.    The County acted unreasonably as alleged above.

PAGE 22 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

109.    As a consequence of the County's unreasonable conduct, Angela Branford was attacked by Sergeant Christensen, was propositioned in the crudest possible manner by Deputy Ulrich, and the confidential data extraction from her mobile telephone was provided to Lieutenant Black.

110.    Lieutenant Black received data of Angela Branford's mobile telephone that was not related to any business purpose of WCSO.  This data provided Lieutenant Black with full access to all of Angela Branford's personal photographic images, texts, and emails.  Said data was then provided to Washington County employee Elmer Dickens. Elmer Dickens in turn provided the data to a contractor to review.

111.    The County's conduct was a substantial factor in causing harm to Angela Branford.

112.    As a result of the County's breach of its duty toward Angela Branford, she suffered physical personal injuries and emotional distress.

113.    The County is responsible for the conduct of their employees, which caused foreseeable harm to Angela Branford.

114.    Angela Branford is entitled to economic and non-economic damages, a prevailing party fee, her costs, and her disbursements, as alleged below.

### ELEVENTH CLAIM FOR RELIEF
### (Invasion of Privacy)
### (Against the City of Portland)

115.    Angela Branford re-alleges all relevant paragraphs as if fully set forth herein.

116.    The City, without Angela Branford's consent, disseminated intimate visual recordings of images of Angela Branford, private emails, and private texts.

PAGE 23 – COMPLAINT AND DEMAND FOR JURY TRIAL

117.    The City knew that at the time the visual recording was made or recorded, Angela Branford was in a place and circumstances where she had a reasonable expectation of personal privacy.

118.    The City acted knowingly and intentionally.

119.    As a consequence of the City's knowing and intentional conduct, the data from Angela Branford's mobile telephone was provided to Lieutenant Black. Said data was not related to any business purpose of WCSO.  Said data was then provided to Washington County Counsel, who in turn provided it to a contractor to review.

120.    The City's conduct was the direct and proximate cause of harm to Angela Branford.

121.    As a result of the City's tortious conduct, Angela Branford suffered emotional distress.

122.    The City is responsible for the conduct of its employees, which caused harm to Angela Branford.

123.    Angela Branford is entitled to economic and non-economic damages, a prevailing party fee, her costs, and her disbursements, as alleged below.

## TWELFTH CLAIM FOR RELIEF
### (Breach of Confidentiality)
### (Against the City of Portland)

124.    Angela Branford re-alleges all relevant paragraphs as though fully set forth herein.

125.    The City had a confidential relationship with Angela Branford as its detectives investigated the crimes committed by Sergeant Christensen of which she was the victim.

PAGE 24 – COMPLAINT AND DEMAND FOR JURY TRIAL

126.    The City made a promise not to copy Angela Branford's private mobile telephone data.

127.    The City had a duty not to disclose Angela Branford's private mobile phone data.

128.    The City breached this duty of confidentiality by disclosing Angela Branford's private mobile phone data to the County, Lieutenant Black, and Sheriff Garrett, persons who were responsible for sexual harassment, physical injury, discrimination and retaliation at a time when Angela Branford was pursuing administrative complaints for discrimination and retaliation.

129.    As a result of this breach, Angela Branford has suffered emotional distress and damages in an amount to be determined by jury at the time of trial.

130.    Angela Branford is entitled to economic and non-economic damages, a prevailing party fee, her costs, and her disbursements, as alleged below.

<u>**THIRTEENTH CLAIM FOR RELIEF**</u>
**(Battery)**
**(Against Washington County and Sergeant Christensen)**

131.    Angela Branford re-alleges all relevant paragraphs as though fully set forth herein.

132.    Sergeant Christensen and the County's conduct on and before March 7, 2015, caused the unconsented to and intentional harmful and offensive contact with Angela Branford which constitutes a battery of her.

133.    Angela Branford is entitled to economic and non-economic damages, a prevailing party fee, her costs, and her disbursements, as alleged below.

PAGE 25 – COMPLAINT AND DEMAND FOR JURY TRIAL

**FOURTEENTH CLAIM FOR RELIEF**
**(Intentional Infliction of Severe Emotional Distress)**
**(Against Washington County and Sergeant Christensen)**

134.    Angela Branford re-alleges all relevant paragraphs as though fully set forth

herein.

135.    Defendants Washington County and Sergeant Christensen intended to cause, or

knew or should have known that their conduct would have caused, Angela Branford severe

emotional distress. As alleged in the paragraphs above, Defendants' conduct caused Angela

Branford severe mental or emotional distress from the foreseeable and highly unpleasant

emotional reactions, including fright, grief, shame, humiliation, intimidation, embarrassment,

anger, disappointment, and worry.

136.    Additionally, the conduct of Defendants Washington County and Sergeant

Christensen caused Angela Branford physical injury as alleged above.

137.    The conduct of Defendants Washington County and Sergeant Christensen was

outrageous and extraordinarily beyond the bounds of socially tolerable behavior.

138.    Angela Branford is entitled to economic and non-economic damages, a prevailing

party fee, her costs, and her disbursements, as alleged below.

**DAMAGES FOR PLAINTIFF'S**
**NINTH THROUGH FOURTEENTH CLAIMS FOR RELIEF**

139.    Angela Branford is entitled to an award for economic damages for past and future

pecuniary losses. Angela Branford should be awarded economic damages in an amount

determined to be fair by a jury.

140.    Angela Branford is entitled to non-economic damages sufficient to compensate

Angela Branford for emotional distress and other non-pecuniary losses in an amount to be

PAGE 26 – COMPLAINT AND DEMAND FOR JURY TRIAL

proved at trial. Angela Branford should be awarded non-economic damages in an amount determined to be fair by a jury.

141.    Angela Branford is entitled to a prevailing party fee, as well as her costs and disbursements

142.    Angela Branford is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Angela Branford seeks judgment against Defendants, and requests that this Court enter an Order as follows:

a)    Accepting jurisdiction of this case and declaring that Defendants have violated the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, as well as 42 U.S.C. § 1983, 42 U.S.C. § 2000e, ORS 659A.030, ORS 659A.199, ORS 659A.203, ORS 659A.230, and ORS 659A.290;

b)    Equitable relief, including an injunction against Defendants requiring them to return the contents of Angela Branford's mobile telephone to her and to destroy all copies;

c)    Compensatory damages to compensate Angela Branford for her non-economic damages in a sum that is just as determined by a jury;

d)    Compensatory damages to compensate Angela Branford for her economic damages in a sum that is just as determined by a jury;

e)    Angela Branford's costs and disbursements incurred herein;

f)    Angela Branford's attorney fees pursuant to ORS 659A.885, ORS 20.107, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e-5(k); and

PAGE 27 – COMPLAINT AND DEMAND FOR JURY TRIAL

g)      For such other and further relief as the Court may deem just and equitable.

**Plaintiff Angela Branford demands a trial by Jury.**

DATED: January 19, 2017.

Law Offices of Daniel Snyder

 */s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249

Of Attorneys for Plaintiff Angela Branford

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249