ANDREA BARRACLOUGH, OSB No. 122371
Deputy City Attorney
Email: andrea.barraclough@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
      Attorney for Defendant City of Portland

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ANDREA BRANFORD**, | **3:17-cv-00094-SI** |
| **PLAINTIFF,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| **WASHINGTON COUNTY, OREGON; PAT GARRETT; JONATHAN CHRISTENSEN; JOHN BLACK; THE CITY OF PORTLAND, OREGON, AND JEFFREY MYERS,** | |
| **DEFENDANTS.** | |

## CERTIFICATE PURSUANT TO LOCAL RULE 7-1

Counsel for Defendant City of Portland certifies that she made a good faith effort to

resolve the issues in dispute by telephone conference with counsel for Plaintiff on Tuesday,

February 14, 2017.

///

///

///

///

///

Page 1 &ndash; DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS  PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.    MOTION

Defendant City of Portland (City), by and through counsel, hereby submits this Motion to Dismiss.[1]

## II.    RELEVANT PROCEDURAL HISTORY

Plaintiff filed his Complaint on or about January 23, 2017.  *See* ECF No. 1.  Service was made upon the City on January 25, 2017.  *See* ECF No. 8.  Under Fed. R. Civ. P. 12(1)(1)(a)(i), an Answer or other responsive pleading was originally due by February 15, 2017.  During consultation with Plaintiff's counsel on February 14, 2017, per United States District Court for the District of Oregon Local Rule (Local Rule) 7, Plaintiff's counsel indicated a possible intent to amend his Complaint to address some of the issues discussed.  Accordingly, the City filed a Motion for Extension of Time to file an Answer or other responsive pleading.  *See* ECF No. 10.  This request was granted by the honorable Court, and a new deadline of March 17, 2017, was set for the filing of a response.  *See* ECF No. 12.

Plaintiff filed a First Amended Complaint on March 16, 2017.  *See* ECF No. 14.  This rendered the deadline for response moot and reset it fourteen days out from service of the Amended Complaint per Fed. R. Civ. P. 15(a)(3).  Accordingly, the new deadline for response is March 30, 2017, and this Motion to Dismiss is timely filed prior to that date.

The portions of Plaintiff's Complaint relevant to the City assert five allegations: Claim Eight- Aiding and Abetting under Oregon Revised Statute (ORS) 659A.030(1)(g); Claim Nine- Fourteenth, Fourth, and Sixth Amendment violations of the United States Constitution while acting under the

---

[1] In her First Amended Complaint, Plaintiff added Detective Jeffrey Myers as a Plaintiff in the caption and in the body of the Complaint. ECF No. 14, ¶¶ 20, 99.  To date, Detective Myers has not been served, as required by Fed. R. Civ. P. 5(b)(2), and no proof of service has been filed with the Court as required by Fed. R. Civ. P. 5(d)(1).  Since he has not been served, such that the process for considering indemnification by the City has not been completed, Detective Myers is not yet represented by the City Attorney's Office in this action.  Nonetheless, the deadline for this pleading occurs before the time limits for service expire under Fed. R. Civ. P. 4 (h), and having already secured one continuance, Defendant City does not wish to hold up the litigation process again by seeking another stay for service.  Accordingly, this Motion will contain arguments not only as to the City, but to Detective Myers, which will allow the Court to dismiss with prejudice the City (upon motion) and Detective Myers (*sua sponte*) from this case.

Page 2 –  DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS  PLAINTIFF'S
          FIRST AMENDED COMPLAINT

color of law per 42 42 U.S.C. § 1983; Claim Ten- Negligence; Claim Eleven- Invasion of Privacy[2]; and Claim Twelve- Breach of Confidentiality.[3]  *See* ECF No. 14, p. 18-25, ¶¶ 79-83, 91-131.

## III.    STATEMENT OF RELEVANT UNDISPUTED FACTS

1.        Related to a criminal investigation of several Washington County Sheriff's Office sworn members alleged to have committed criminal acts against her, Plaintiff Angela Branford (Plaintiff) provided her cell phone and its contents to Portland Police Bureau (PPB) Detectives Jeff Myers (Det. Myers) and Nathan Wollstein on April 27, 2015.  *See* Declaration of Jeff Myers (Decl. of Myers), ¶¶ 4, 7-8; Decl. of Myers, Exhibit A, Consent to Search Form.[4]

2.        Plaintiff voluntarily gave her phone to PPB Detectives and signed a consent to search form.  *Id.*  The form states that: Plaintiff has the option to refuse the search and seizure of her property; that the evidence obtained from the search can be used against her; and that she authorizes the seizure of any piece of evidence obtained from the search.  *Id.*  Plaintiff signed this form with a certification that she was doing so of her own free will without any threats or promises being made to her.  *Id.*  Though alleging she had to be "persuaded" to provide her phone to PPB Detectives, ECF No. 14, ¶ 32, she has not alleged coercion in obtaining her signature, *see id.*, and was not coerced. Decl. of Myers, ¶ 7.

3.        Defendant City of Portland (Defendant City) is a municipal entity located in Multnomah County, Oregon, and PPB is a Bureau entirely managed by the City, and Plaintiff acknowledges this.  *See* ECF No. 14, ¶ 19.  Neither the City nor PPB (nor Det. Myers) are alleged to be Plaintiff's employer nor co-employee, and they were not her employer or co-employee at any time relevant to the claims of the Complaint.  *See* ECF No. 14.

---

[2] Though there is no citation to law present in the heading of the Eleventh Claim for Relief, *see* ECF No. 14, p. 23-24, in Oregon the tort of Invasion of Privacy is actionable under ORS 30.865(1)(d).

[3] Since there is no citation to law present in the heading of the Twelfth Claim for Relief, *see* ECF No. 14, p. 24-25, and there is no Oregon statute creating such a tort, it is presumed Plaintiff means to sue under common law as to this claim.

[4] This consent form is authenticated by the Declaration of Jeff Myers, ¶¶ 5-6.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

4.      The initial Internal Affairs (IA) investigation of Washington County Sheriff's Office members was initiated by Washington County in April of 2015. *See* Declaration of Barry Renna (Decl. of Renna), Exhibit A, Washington County Sherriff's Memorandum, p. 2.[5]  However, the Washington County IA Division originally requested that PPB handle the IA investigation, as well as any criminal investigations that might stem from the events related to Plaintiff. *Id.*; Decl. of Renna, ¶ 4.  As of April 22, 2015, Washington County suspended their internal investigations on the auspices of PPB taking over completely.  Decl. of Renna, Exhibit A, p. 2.

5.      However, at the conclusion of some of the criminal prosecutions regarding involved Washington County employees, in around March of 2016, Washington County IA Lieutenant John Black (Lt. Black) met with PPB IA and resumed an active role in the IA investigations. *See id.* at p. 2-3; Decl. of Renna, ¶ 5.  Indeed, Lt. Black described the working relationship with PPB IA as "assisting him." *See* Decl. of Renna, Exhibit A, p. 3.  Thus, despite earlier decisions by Washington County to take a hands off approach and let PPB conduct the IA investigations, Washington County eventually took steps to reassume the primary role in the IA investigations. *Id.*

6.      On or about March 23, 2016, after meeting with PPB Investigator Barry Renna (Renna) of PPB IA and defining roles, Lt. Black was provided, among other things, with information about the PPB criminal investigation of then-Washington County Sheriff's Office member N. Markos. *See* Decl. of Renna, ¶ 8; Decl. of Renna, Exhibit A, p. 3; Decl. of Myers, ¶¶ 9-10.

7.      This included the contents of Plaintiff's cell phone as it related to the investigation of N. Markos, which was provided to Lt. Black on or about May 10, 2016. *See* Decl. of Renna, ¶ 8; Decl. of Myers, ¶ 10.

///

---

[5] This Exhibit contains the first six (6) pages of the IA investigation into Washington County Sheriff's employee N. Markos.  Pages seven (7) through forty-one (41) of this memorandum have not been included in the exhibit as they are not relevant to the City's arguments and N. Markos is not a named defendant.  Only the part relevant to the relationship between PPB and Washington County is included.  The full memorandum can be provided to the Court for *in camera* inspection upon request if needed.  This memorandum is authenticated by the Declaration of Barry Renna, ¶¶ 6-7.

Page 4 –  DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS  PLAINTIFF'S
            FIRST AMENDED COMPLAINT

8.      The contents of Plaintiff's cell phone were provided to Washington County only as part of the criminal and IA investigations initiated by Washington County and only for law enforcement purposes.  *See id.*

## IV.    POINTS AND AUTHORITIES

### A.  <u>Standard of Review</u>

#### 1.  **Dismissal Under Fed. R. Civ. P. 12(b)(6)**

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a claim based on dispositive issues of law.  If a court ultimately resolves an arguable question of law against the plaintiff, 12(b)(6) dismissal is appropriate.  *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989).  This is true even if the legal theory of the opposing party is not outlandish; dismissal is still appropriate where the legal theory is close but ultimately without merit.  *Id.*

#### 2.  **Summary Judgment Per Fed. R. Civ. P 56[6]**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Summary judgment should be granted where a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court shall consider all admissible affidavits and supplemental documents attached to a motion for summary judgment.  *See Connick v. Teachers Ins. & Annuity Ass'n*, 784 F.2d 1018, 1020 (9th Cir. 1986).  The moving party has the initial burden of demonstrating that summary judgment is proper, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), and factual inferences should be drawn viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

///

---

[6] Under Fed. R. Civ. P. 12(d), if a Motion to Dismiss on 12(b)(6) or 12(c) grounds is filed and presents as evidence matters outside the pleadings, the motion must be treated as one for summary judgment under Rule 56. Thus, for those portions of argument below relying on the respective Exhibits A to the Declarations of Myers and Renna, the summary judgment standard of review applies.

Page 5  –  DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS  PLAINTIFF'S FIRST AMENDED COMPLAINT

To defeat summary judgment, the nonmoving party cannot rely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Rather, the nonmovant must present "specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmovant's evidence should be such that a "fair minded jury could return a verdict for [him or her] on the evidence presented." *Id.* at 255. In attempting to establish the existence of this factual dispute, the opposing party may not rely on the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1).

**B. The Eighth Claim for Aiding and Abetting Employment Discrimination Must Be Dismissed Because the City Is Not an Employer or Employee Within the Meaning of ORS 659a.030(1)(G)[7]**

Plaintiff alleged a claim of aiding and abetting employment discrimination under ORS 659A. 030(1)(g). That statute makes it a violation of law "[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so.

ORS 659A.030(1)(g) does not permit a claim for aiding and abetting an entity that is neither Plaintiff's employer nor an employee of Plaintiff's employer. *Larmanger v. Kaiser Found. Health Plan of Nw.*, 805 F. Supp. 2d 1050, 1056 (D. Or. 2011). In *Larmanger*, the Court found that the plain language of the statute supported a construction where only employers or co-employees could be sued for aiding and abetting employment discrimination, as a more open construction allowing for any person to be sued would require the Court to ignore the modifier language "whether an employer or an employee." *Id.* That Court also noted that legislative history supported a narrow construction, as the original language of the statute did make an aiding and abetting claim applicable to any person, while that language was specifically changed

///

---

[7] The same defenses are equally applicable to Det. Myers, who is not pled as Plaintiff's employer or co-employee.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

by the legislature in later drafts to eliminate open applicability. *Id*. Thus, the statute does not allow recovery against a third-party.

 This is true even where the third-party is tied to the employer, but still a separate entity. *See McIntire v. Sage Software, Inc.*, No. 3:15-CV-00769-JE, 2015 WL 9274301, at *3 (D. Or. Sept. 28, 2015), *report and recommendation adopted*, No. 3:15-CV-00769-JE, 2015 WL 9272884 (D. Or. Dec. 17, 2015) (the Court granted motion to dismiss to a third-party benefit administrator who contracted with the employer on the grounds that "the 'aiding and abetting' provisions of ORS 659A.030(1)(g) that reference 'any person' immediately qualify this language with the words 'whether an employer or an employee,'" and thus a party outside of Plaintiff's employer's organization could not be liable). *See also Duke v. F.M.K. Const. Servs., Inc.*, 739 F. Supp. 2d 1296, 1306 (D. Or. 2010) (Motion to Dismiss aiding and abetting claim under 659A.030(1)(g) granted where the defendant was not the Plaintiff's employer or co-employee).

 Defendant City, PPB, and any PPB employees specifically named in Plaintiff's Complaint (including Det. Myers) are not employers or co-employees of Plaintiff. Plaintiff acknowledges and alleges this to be accurate. *See* ECF No. 14, ¶¶ 14 and 19. Because Oregon District Courts have held that an aiding and abetting claim under ORS 659A.030(1)(g) cannot lie against a third-party that neither employs a Plaintiff nor is employed alongside a Plaintiff, Plaintiff's Eighth Claim for Relief must be dismissed with prejudice.[8] And this is true even if the City via PPB was contractually or otherwise tied to Washington County for purposes of conducting an IA investigation. *See McIntire* at *3.[9]

///

///

---

[8] A Court may deny leave to amend when any proposed amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). No amount of amending will change the employment relationship between Plaintiff and the City; thus, leave to amend to this claim can be appropriately denied.

[9] Accordingly, Plaintiff is also not entitled to the Declaratory relief she seeks at ¶87 of her First Amended Complaint that the City aided and abetted all employment discrimination claims in the preceding paragraphs. ECF. No. 14.

Page 7 –  DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS  PLAINTIFF'S FIRST AMENDED COMPLAINT

**C. The Ninth Claim for Relief as Against the City Must Be Dismissed Because It Does Not State a Valid *Monell* Claim**

A Plaintiff suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom; the municipality cannot be held liable "solely for the acts of others." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). This is true whether the Plaintiff seeks monetary damages or declaratory relief. *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 39 (2010).

Nowhere in the Ninth Claim for Relief does Plaintiff allege that a City of Portland or PPB policy, pattern, practice, or custom is an unconstitutional violation of her constitutional rights. Instead, she discusses one lone incident undertaken by the City, namely the procurement of her cell phone and provision of its contents to Washington County. *See* ECF No. 14, ¶¶ 92-93.  This one action, even taken as true in light most favorable to Plaintiff, is not actionable under 42 U.S.C. § 1983 because it was a singular action by PPB employees Det. Myers and Renna and not a pattern or practice of the PPB or City to always collect and distribute the contents of people's cell phones.  Plaintiff has alleged no City or PPB uniformly enforced policy or repetitive practice affecting her rights; indeed, it would be impossible to do so given that the search and seizure of her phone and the provision of its contents to Washington County was the result of a one-time consent to search form signed by her and a one-time IA investigation-agreement between Washington County Sheriff's Office and PPB.  *See* Decl. or Myers, Exhibit A; Decl. of Renna, Exhibit A.

Accordingly, all damages sought by Plaintiff under 42 U.S.C. § 1983 against the City, including a declaratory judgement, are invalidly sought and the Ninth claim must be dismissed with prejudice.

///

///

///

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

**D. The Ninth Claim for Relief as Against the City Also Fails as The Search and Seizure of the Phone and Its Contents Was the Subject of Plaintiff's Consent[10]**

Even if the Ninth Claim for relief did not fail on *Monell* grounds, it would still fail because the crux of Plaintiff's real issue with PPB's actions is the dissemination of the photos from her phone to Washington County. *See* ECF. No. 14, ¶¶ 32 and 39. Dissemination of evidence from one law enforcement agency to another is not constitutionally protected. And to the extent Plaintiff includes the search itself as a gravamen of her claims, those claims fail because she provided consent for the search.

**1. There is No Fourth Amendment Violation Based on the Search and Seizure**

Addressing the latter first, "[v]oluntary consent to a search is a recognized exception to the Fourth Amendment warrant requirement." *United States v. Rothman*, 492 F.2d 1260, 1263–64 (9th Cir. 1973) (citing *Schneckloth v. Bustamante*, 412 U.S. 218, 219 (1973); *Davis v. United States*, 328 U.S. 582, 593-594 (1946); *Zap v. United States*, 328 U.S. 624, 630 (1946). Valid consent is given where it is voluntary. *Id.* (citation omitted).

Here, Plaintiff consented to have PPB Detectives take and retrieve contents from her cell phone. Decl. of Myers, ¶¶ 4, 7-8; Decl. of Myers, Exhibit A. Despite any initial persuasion that may have been needed, as alleged, Plaintiff was given the right to refuse and specifically signed that her decision was not based on threats or promises. *Id.* Thus, all reasonable inferences point to her consent being voluntary to turn over the contents of her phone, and therefore, there was no Fourth Amendment search and seizure violation.

**2. There is No Due Process Violation Under Either the Fifth or Fourteenth Amendment Based on the Inter-Agency Dissemination**

Plaintiff invokes due process as the constitutional basis for her 42 U.S.C. § 1983 claims.

///

///

---

[10] As each of the federal constitutional claims against Defendant City are based on the conduct of Det. Myers, the defenses that defeat the claims against Defendant City are equally applicable to the individual claims against Det. Myers.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

*See* ECF. No. 14, ¶¶ 92-93.[11]  When seizing property for criminal investigatory purposes, compliance with the Fourth Amendment necessarily satisfies pre-deprivation procedural due process because the Fourth Amendment supplies the "process that is due."  *Sanders v. City of San Diego*, 93 F.3d 1423, 1429 (9th Cir.1996) (quotations omitted).  Accordingly, if the search and seizure of the cell phone and its contents are constitutionally appropriate, then Fifth and Fourteenth Amendment procedural due process would inherently be satisfied.

The Ninth Circuit was previously tasked with deciding "whether the Fourth Amendment prohibits interagency or intergovernmental use of evidence originally seized in a constitutionally valid manner."  *United States v. Hearst*, 563 F.2d 1331, 1347 (9th Cir. 1977) (quotations omitted).  The Court "decline[d] to mutate the prohibitions of the Fourth Amendment, which deal with government-instigated searches and seizures, into a code of regulations governing interagency transfer of evidence legitimately in government control."  *Id*.  Thus, an interagency transfer of evidence is not constitutionally impermissible.

As in *Hearst*, the transfer of Plaintiff's cell phone's contents was nothing more than an inter-agency transfer of evidence that was collected for the lawful purpose of prosecuting and disciplining those responsible for attacking and/or harassing her.  Plaintiff has not pled and cannot prove that PPB transferred the evidence collected to Washington County for any other purpose than that Washington County wished to resume their own Internal Affairs investigation of the offenders though they initially entrusted that duty to PPB.  Her conclusory references absent any supporting fact alleging that the transfer of the data or Lt. Black's possession of the

---

[11] Though not delineated whether Plaintiff means to claim under procedural or substantive due process, her assertion of interference with property rights in ¶ 92 and ¶ 93 of her First Amended Complaint presumes she means to claim a violation of procedural due process rights under the Fourteenth Amendment.  But even if a substantive due process claim were intended by Plaintiff, it would fail.  "A substantive due process violation occurs when government conduct violates fundamental fairness and is 'shocking to the universal sense of justice.'" *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (quoting *Kinsella v. United States*, 361 U.S. 234, 246 (1960)).  Here, Plaintiff's phone contents were only provided to Washington County as part of transferring their IA investigation back to them. *See* Decl. of Renna, ¶ 8; Decl. of Myers, ¶ 10.  Plaintiff has not pled any shocking or unconscionable motive or act on behalf of the City in giving the cell phone contents to Washington County.  Thus, she fails to make a substantive due process claim as well.

Page 10 –    DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS
             PLAINTIFF'S FIRST AMENDED COMPLAINT

data was not for IA or law enforcement purposes, *see* ECF No. 14, ¶¶ 112 and 121, do not sufficiently state triable issues of fact. *See Anderson*, 477 U.S. at 256. Accordingly, since the original search and seizure of the phone contents permitted during a consent to search was constitutionally valid, the interagency transfer of evidence for a lawful purpose also does not violate the Fourth Amendment. Since it does not, the dissemination to Washington County IA also cannot violate either the Fifth or Fourteenth Amendment's due process protections.

### 3. An Equal Protection Claim Also Fails

The equal protection claim cursorily alleged in Count 9, ECF No. 14, ¶97, is not supported by the pleadings. An equal protection violation occurs when persons who are similarly situated are treated differently. *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not pled membership in a protected class in Count Nine against the City, nor has she alleged how she was treated differently by PPB than anyone else in a different class.[12] Thus, no valid equal protection claim lies against the City.

### 4. Summary of Ninth Claim

In sum, none of Plaintiff's federal constitutional claims state a valid claim for relief and dismissal under Fed. R. Civ. P. 12(b)(6) is warranted.

///

///

---

[12] Plaintiff further mentions the Sixth Amendment as supporting her 42 U.S.C. § 1983 claims. The Sixth Amendment is inapposite to the facts pled. A sixth amendment violation occurs "when the government 'intentionally creat[es] a situation likely to induce [the defendant] to make incriminating statements without the assistance of counsel.'" *United States v. Harris*, 738 F.2d 1068, 1071 (9th Cir. 1984) (quotations omitted). Plaintiff was neither a criminal defendant or suspect nor were the contents of the photos sought to incriminate her in a crime. Thus, she was not entitled to counsel when she provided consent for PPB to seize and search her phone.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

**E. The Tenth Claim for Negligence Fails as It States No Cognizable Liability Theory or Supporting Facts as to the City**

Plaintiff's negligence claim includes the City as a defendant.  ECF No 14, ¶ 106-116.

However, of the City, she only alleges "Lieutenant Black received data of (sic) Angela

Branford's mobile telephone that was not related to any business purpose of WCSO," without

actually inculpating the City.  ECF No. 14, ¶ 112.  She also fails to state a theory of how the City

acted negligently.

"Dismissal is proper when the complaint does not make out a cognizable legal theory or

does not allege sufficient facts to support a cognizable legal theory."  *Cervantes v. Countrywide*

*Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citing *Mendiondo v. Centinela Hosp.*

*Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  "A complaint that alleges only 'labels and

conclusions' or a 'formulaic recitation of the elements of the cause of action' will not survive

dismissal.  *Id. (*citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In the negligence claim, there is no cognizable legal theory, or even sufficient facts,

supporting an allegation against the City.  At most, there is a conclusory statement barely

referencing a City action.  Thus, the claim for negligence against Defendant City should be

dismissed.

**F. The Eleventh Claim for Invasion of Privacy Must Be Dismissed Because Dissemination Should Be Exempted from Liability as A Law Enforcement Activity[13]**

Under ORS 30.865(1)(d), a tort for invasion of personal privacy exists where a

defendant: a) made a recording of a Plaintiff in a state of nudity without consent; b) put himself

or herself in a location to watch Plaintiff in a state of nudity to arouse or gratify their sexual

desire; c) made or viewed an intimate area of a Plaintiff to arouse or gratify their sexual desires;

or d) "without the consent of the plaintiff, the defendant disseminated a photograph, motion

picture, videotape, or other visual recording of the plaintiff in a state of nudity, and the defendant

knew that at the time, the visual recording was made or recorded, the plaintiff was in a place and

---

[13] The defenses presented regard Det. Myers' actions, so these defenses apply to him as well as Defendant City.

DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

circumstances where the plaintiff had a reasonable expectation of personal privacy." The only possible action here under this statue invokes section (d), as Plaintiff has not pled and cannot prove that the City was in any way involved with the creation of the images on Plaintiff's phone.

A claim under subsection (d) fails because the dissemination at issue here was undertaken for a legitimate law enforcement purpose, and under the rule of lenity, Defendant City (and Det. Myers) should be exempted from liability.

Under ORS 163.702, discussing the analogous criminal charge for Invasion of Privacy at ORS 163.700, the Oregon legislature specifically outlined certain circumstances where an invasion of privacy does not occur. One such exception is for bona fide law enforcement activities. *See* ORS 163.702(1)(b). Given that this exception is specifically enumerated in the nearly identical criminal statute, application of the law enforcement exception in the like civil context should be accorded. "When a civil statute and a criminal statute both address the same subject matter, but have different purposes, they are not mutually exclusive." *People of Territory of Guam v. Gill*, 61 F.3d 688, 692 (9th Cir. 1995). Thus, Ninth Circuit precedent would support an interpretation of ORS 30.865 that exempts dissemination of images for law enforcement purposes.

Also, the rule of lenity applies. The rule of lenity generally requires a court to "resolve any ambiguity in the scope of a criminal statute in favor of the defendant." *United States v. Miranda–Lopez*, 532 F.3d 1034, 1040 (9th Cir. 2008). "When the implementation of a civil statute intertwines with the application of a criminal statute, it is sufficient to invoke the rule of lenity." *United States v. Turner*, 689 F.3d 1117, 1125–26 (9th Cir. 2012). Here, ORS 30.865 is tied to ORS 163.700 in that they prohibit nearly identical conduct, i.e. the creation and distribution of nude imagery made of an unwitting subject without that subject's consent. They differ in that one statute creates civil liability while the other creates criminal culpability. Yet, their obvious intertwining should have this Court construe the civil statute in parity with the criminal one under the rule of lenity, such that any ambiguity over whether the law enforcement

Page 13 –    DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS
             PLAINTIFF'S FIRST AMENDED COMPLAINT

exception should apply to the civil invasion of privacy statute must be resolved in favor of the Defendant, the City.

Accordingly, this Court should dismiss as a matter of law Plaintiff's Eleventh Claim for Invasion of Privacy.

**G.** **The Twelfth Claim for Breach of Confidentiality Must Be Dismissed Because the City Did Not Affirmatively Disclose the Contents of Plaintiff's Phone to The Public[14]**

The unauthorized and unprivileged disclosure of confidential information obtained in a confidential relationship can give rise to tort damages for a breach of confidentiality claim at common law. *Humphers v. First Interstate Bank of Oregon*, 298 Or. 706, 696 P.2d 527 (1985). However, the duty of confidentiality owed is determined by a legal source external to the tort claim itself. *Id.* 717-18, 696 P.2d 535. A plaintiff asserting a breach of a nonconsensual duty must identify its source and terms. *Id.* "Because the duty of confidentiality is determined by standards outside the tort claim for its breach, so are the defenses of privilege or justification." *Id.* A privilege or legal obligation to breach confidences may result in no violation of confidentiality. *Id.*

Here, Plaintiff has not pled any external legal source to support her claim of breach of confidentiality. Thus, she fails to adequately state a claim. But even if she had or could, "[t]he gravamen of the tort of breach of confidentiality, in Oregon and nationally, is the affirmative disclosure of information by a person to whom the confidential information has been entrusted. [N]o authority . . . expands the tort to impose liability where the defendant has not affirmatively disclosed the 'entrusted' or 'confidential' information." *Stevens v. First Interstate Bank*, 167 Or. App. 280, 286, 999 P.2d 551, rev. den., 331 Or. 429, 26 P.3d 148 (2000) (citing *Humphers*, 298 Or. at 717–19, 696 P.2d 527)).

"To constitute such a[n affirmative] disclosure, [the disclosure] must be public in the sense of communication either to the public generally or to a large number of persons as

---

[14] Since the defenses as to Defendant City are based on the actions of Det. Myers, these defenses also would apply to Det. Myers individually.

Page 14 –    DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

distinguished from one individual or a few." *FCM v. Washington Mut. Bank*, No. 07-1298 AS, 2007 WL 4565237, at *3–6 (D. Or. Dec. 21, 2007) (citing *Tollefson v. Price*, 247 Or. 398, 402 (1967)).  A manager's disclosure of an employee's private medical and family matters to a handful of people did not constitute publication.  *Id.* (citing *Blackthorne v. Posner*, 883 F. Supp. 1443, 1456 (D. Or. 1995)).  An employer who allowed unauthorized personnel to review confidential information did not publicize the information to the public or a large number of persons.  *Id.* (citing *Logan v. West Coast Benson Hotel*, 981 F.Supp. 1301, 1321 (D. Or. 1997)).

Plaintiff has not pled and cannot prove that the City gave the contents of her cell phone to any entity other than internal PPB Division's and Washington County's IA Department.  *See* ECF No. 14.  Such a limited disclosure does not meet the requirements of a widespread public disclosure.  Nor has she pled that the City could have reasonably foreseen that, if true as she pleads, Washington County's IA Division or County Counsel would show the contents of her phone to a private investigator.  Under the breach of confidentiality tort, the City can only be judged on its initial dissemination; the City is not responsible for what Washington County did with the cell phone contents once they received it in the IA file.  Thus, the City is not responsible for any subsequent, more public disclosures.[15]

Accordingly, Plaintiff's failure to allege an external source of law creating a duty that was allegedly breached, coupled with the legal inability of the City to be responsible for a disclosure that is not significant enough to warrant relief, requires dismissal under Fed. R. Civ. P. 12(b)(6).

///

---

[15]  All Plaintiff has pled regarding dissemination of her phone contents to Washington County employees by Washington County employees is the disbursement of her data by Lieutenant Black and Sheriff Garrett to Elmer Dickens, Washington County's counsel, *see* ECF No. 14, ¶ 95, and the disbursement of her data by County counsel to a private investigator, *see* ECF No. 14, ¶ 96.  Even if Defendant City could be held proximately linked to Washington County Sheriff's IA's further dissemination of the data after PPB initially provided the contents of Plaintiff's phone, Plaintiff has still only pled dissemination to two people outside the IA investigation.  This is still not sufficient to allege or prove affirmative disclosure to the public.

Page 15 –   DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

H. **Detective Myers Has Qualified Immunity from Suit On the Federal Constitutional Claims**[16]

"The doctrine of qualified immunity protects government officials 'from civil liability when performing discretionary functions as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Analyzing whether a government official is entitled to qualified immunity involves two questions: (1) whether the facts alleged show the official violated a constitutional right; and (2) whether the right was clearly established such that a reasonable government official would know the conduct was unlawful.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (overruled on other grounds by *Pearson*, 555 U.S. at 236).

The term "clearly established" means that "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  The key inquiry is whether the unlawfulness of the act would have been apparent to a reasonable person in the light of preexisting law at the time the act was committed. *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

The qualified immunity question requires the presence of both *Saucier* elements for immunity to fail; where even one is negated, qualified immunity is imparted.  As discussed above, Plaintiff's consent to the search and seizure of her phone and its contents does not violate the Fourth Amendment, and thus due process protections under the Fifth and Fourteenth amendment are assured.  Since there was no constitutional violation perpetrated by Det. Myers, his actions are entitled to qualified immunity.  But even if this Court does consider both *Saucier*

---

[16] Though, as noted, Det. Myers is not officially represented by Defendant City's counsel since service of process has not been made, a qualified immunity argument is nonetheless presented as to him as a time-saving measure so that the Court can *sua sponte* dismiss the claims against him with prejudice even if this motion is not made specifically on his behalf.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

elements, Det. Myers is still entitled to qualified immunity because no reasonable law enforcement officer would have been on notice that obtaining the contents of Plaintiff's phone via a consent to search was unconstitutional, or that disseminating the contents to very few people in a wholly law enforcement context was violative of any constitutional rights. Thus, Det. Myers is immune from suit on the federal constitutional claims.

## V.    CONCLUSION[17]

Because Plaintiff's Count Nine**,** based on the federal constitution**,** both fails to state a claim upon which relief can be granted and fails to present any genuine issues of material fact, and because Plaintiff's Counts Eight, Ten, Eleven and Twelve**,** sounding in state tort law**,** likewise fail to state claims and fail to create issues of triable fact, Plaintiff's claims against Defendant City must be dismissed.

DATED: March 29, 2017.

Respectfully submitted,


*/s/Andrea Barraclough*
Andrea Barraclough, OSB No. 122371
Deputy City Attorney
Email: andrea.barraclough@portlandoregon.gov
Attorney for Defendant City of Portland

---

[17] To the extent this Court finds any of the state law pendant claims sufficiently stated and otherwise not subject to summary judgment, while also finding that the federal claims fail, Defendant City requests a dismissal without prejudice on jurisdictional grounds (with a like *sua sponte* dismissal of Det. Myers). *See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)* ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed." *See also Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."

Page  17  –    DEFENDANT CITY OF PORTLAND'S FRCP 12 MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT CITY OF PORTLAND'S

FRCP 12 MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT on:

| | |
|---|---|
| Daniel Snyder | Karen O'Kasey |
| Law Offices of Daniel Snyder | Hart Wagner, LLP |
| 1000 SW Broadway, Ste. 2400 | 1000 SW Broadway, Ste. 2000 |
| Portland, OR  97205 | Portland, OR 97205 |
| *Attorney for Plaintiff* | *Attorney for Defendants Washington County, Pat Garrett, and John Black* |

on March 29, 2017, by causing a full, true and correct copy thereof, addressed to the last-known

address (or fax number) of said attorneys, to be sent by the following method(s):

☒        by **CM/ECF notice of electronic filing** pursuant to LR 5-4; and

Jonathan Christensen
6875 SW 142nd Ave.
Beaverton, OR 97008
        *Defendant Pro Se*

on March 29, 2017, by causing a full, true and correct copy thereof, addressed to the last-known

address (or fax number) of said Defendant, to be sent by the following method(s):

☒        by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal
        Service in Portland, Oregon.

DATED: March 29, 2017.

Respectfully submitted,

*/s/Andrea Barraclough*
Andrea Barraclough, OSB No. 122371
Deputy City Attorney
Email: andrea.barraclough@portlandoregon.gov
Attorney for Defendant City of Portland

Page  1  –  CERTIFICATE OF SERVICE