**Katherine R. Heekin**, OSB No. 944802
Katherine@heekinlawoffice.com
The Heekin Law Firm
808 SW Third Avenue, Suite 540
Portland, OR  97204
Telephone: (503) 222-5578
Facsimile: (503) 200-5135


Attorneys for Defendant Jonathan Christensen


IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| ANGELA BRANFORD<br>          Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY, OREGON; PAT GARRETT; JONATHAN CHRISTENSEN; JOHN BLACK, THE CITY OF PORTLAND, OREGON, AND JEFFREY MYERS<br>          Defendants. | Case No. 3:17-cv-00094<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JONATHAN CHRISTENSEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |


In response to Plaintiff's First Amended Complaint, Defendant Jon Christensen answers and alleges as follows:

1.

Admit the allegations stated in paragraph 1.

2.

Admit that Plaintiff is pursuing an action pursuant to 42 U.S.C. § 1983 as alleged in paragraph 2 of the First Amended Complaint, but deny that Defendant Christensen violated

Plaintiff's civil rights.

### 3.

Admit that Plaintiff brings an action under various statutes alleged in paragraph 3 of the First Amended Complaint for which she seeks equitable relief, compensatory damages, and attorneys' fees and costs, but deny that Defendant Christensen violated any of those statutes.

### 4.

Admit the allegations in paragraph 4.

### 5.

Admit the allegations in paragraph 5.

### 6.

Admit venue is proper in the Portland Division of the District of Oregon but deny the remainder of the allegations in paragraph 6.

### 7.

The allegations in paragraph 7 are directed to the Court and therefore Defendant Christensen provides no response.

### 8.

Defendant Christensen lacks sufficient information to admit or deny the allegations in paragraph 8 and therefore denies the same.

### 9.

The allegations in paragraphs 9-12 are directed to other Defendants and therefore Defendant Christensen provides no response.

### 10.

Defendant Christensen lacks sufficient information to admit or deny the allegations in paragraph 13 and therefore denies the same.

### 11.

Admit the allegations stated in paragraph 14.

THE HEEKIN LAW FIRM
808 SW THIRD AVENUE, SUITE 540
PORTLAND, OR 97204
PHONE: (503) 222-5578
FACSIMILE: (503) 200-5135

12.

Admit that Defendant Washington County is a political subdivision of the State of Oregon as alleged in paragraph 15.  Defendant Christensen denies the remainder of the allegations in paragraph 15.

13.

Admit that Defendant Pat Garrett ("Sheriff Garrett") is the Sheriff of Washington County as alleged in paragraph 16.  The remainder of the allegations in paragraph 16 is directed to another Defendant and therefore Defendant Christensen provides no response.

14.

Deny the allegations in paragraph 17.

15.

Admit that Defendant John Black is a Lieutenant at WCSO.  The remainder of the allegations in paragraph 18 is directed to another Defendant and therefore Defendant Christensen provides no response.

16.

Admit the first two sentences of paragraph 19.  The remainder of the allegations in paragraph 19 is directed to another Defendant and therefore Defendant Christensen provides no response.

17.

Admit the first sentence of paragraph 20.  The remainder of the allegations in paragraph 20 is directed to another Defendant and therefore Defendant Christensen provides no response.

18.

Deny the allegations in paragraph 21.

19.

Deny the allegations in paragraph 22.

20.

Page 3 – **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JONATHAN CHRISTENSEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT CASE NO. 3:17-cv-00094**

Defendant denies the allegations in paragraph 23.

21.

Admit that Defendant Christensen and Plaintiff met while working for Washington County.  Admit that Defendant Christensen was married to a female Hillsboro Police Department officer.  Admit that Defendant Christensen and Plaintiff had a consensual sexual relationship. Except as admitted, Defendant denies the allegations in paragraph 24.

22.

Admit that both Defendant Christensen and Plaintiff attempted to end the relationship or stop seeing each other on several occasions.  Admit that both Defendant Christensen and Plaintiff communicated with one another by telephone and text and included photos of their genitals.  Except as admitted, deny the allegations in paragraph 25.

23.

Deny the allegations in paragraph 26.

24.

Admit that Defendant Christensen grabbed Plaintiff's hair with one hand and put his other hand around her throat on or about March 7, 2015 at Plaintiff's residence while he was on duty, in uniform, and carrying his sidearm.  Except as admitted, Defendant denies the allegations in paragraph 27.

25.

Deny the allegations in paragraph 28.

26.

Deny the allegations in paragraph 29.

27.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 30-32 and therefore denies the same.

Page 4 – **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JONATHAN CHRISTENSEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT CASE NO. 3:17-cv-00094**

THE HEEKIN LAW FIRM
808 SW THIRD AVENUE, SUITE 540
PORTLAND, OR  97204
PHONE:  (503) 222-5578
FACSIMILE:  (503) 200-5135

28.

Admit that Plaintiff obtained a restraining order against Defendant Christensen and admit that Plaintiff defended against his efforts to have the restraining order removed.  Except as admitted, Defendant lacks sufficient information to admit or deny the allegations in paragraph 33 and therefore denies the same.

29.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 34 and therefore denies the same.

30.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 35 and therefore denies the same.

31.

Deny the allegations in paragraph 36.

32.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 37-41 and therefore denies the same.

33.

Admit the allegations in paragraph 42, however, upon successful completion of the terms of probation, the coercion count will be dismissed.

34.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 43 and therefore denies the same.

35.

Admit the allegations in paragraph 44, except Defendant Christensen was a Corporal, not a Sergeant, and he was ordered to participate in relationship boundaries counseling, not anger management counseling.

THE HEEKIN LAW FIRM
808 SW THIRD AVENUE, SUITE 540
PORTLAND, OR  97204
PHONE:  (503) 222-5578
FACSIMILE:  (503) 200-5135

36.

The allegations in paragraphs 45-90 are directed to other Defendants and therefore Defendant Christensen provides no response.

37.

Plaintiff re-alleges "all relevant paragraphs" in paragraph 91 and therefore Defendant Christensen reiterates his previous responses to "all relevant paragraphs" referenced in paragraph 91.

38.

The allegations in paragraphs 92-97 are directed to other Defendants and therefore Defendant Christensen provides no response.

39.

Deny the allegations in paragraph 98.

40.

The allegations in paragraph 99 are directed to another Defendant and therefore Defendant Christensen provides no response.

41.

Defendant denies the allegations in paragraphs 100-105.

42.

The allegations in paragraphs 106-131 are directed to other Defendants and therefore Defendant Christensen provides no response.

43.

Plaintiff re-alleges "all relevant paragraphs" in paragraph 132 and therefore Defendant Christensen reiterates his previous responses to "all relevant paragraphs" referenced in paragraph 132.

44.

Deny the allegations in paragraphs 133-134.

THE HEEKIN LAW FIRM
808 SW THIRD AVENUE, SUITE 540
PORTLAND, OR  97204
PHONE:  (503) 222-5578
FACSIMILE:  (503) 200-5135

45.

Plaintiff re-alleges "all relevant paragraphs" in paragraph 135 and therefore Defendant Christensen reiterates his previous responses to "all relevant paragraphs" referenced in paragraph 135.

46.

Deny the allegations in paragraphs 136-143.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

47.

Plaintiff fails to state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

### (Consent)

48.

The relationship between Defendant Christensen and Plaintiff was consensual.

## THIRD AFFIRMATIVE DEFENSE

### (Qualified Immunity)

**49.**

Defendant Christensen's conduct as a Washington County Sheriff is protected by the doctrine of qualified immunity.

WHEREFORE, Defendant Christensen prays that Plaintiff's claims be dismissed with prejudice and that Defendant be awarded his costs and disbursements incurred herein.

Dated:  April 20, 2017

THE HEEKIN LAW FIRM


By:_____/s/Katherine R. Heekin_____
        Katherine R. Heekin, OSB # 944802
        Attorney for Defendant Christensen

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Daniel Snyder
Carl Post
John David Burgess
Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, OR  97205

Attorney for Plaintiff

Andrea Barraclough
City of Portland
1221 SW 4th Ave
Portland, OR  97204

Attorney for Defendants City of Portland and Jeffrey Meyers

Karen O'Kasey
Hart Wagner
1000 SW Broadway Ste 2000
Portland, OR  97205

Attorney for Defendants Washington County, Garrett, and Black

DATED this 21st day of April, 2017.

THE HEEKIN LAW FIRM

By: _/s/Katherine R. Heekin_____
    Katherine R. Heekin, OSB # 944802
    Attorney for Defendant Christensen

THE HEEKIN LAW FIRM
808 SW THIRD AVENUE, SUITE 540
PORTLAND, OR  97204
PHONE: (503) 222-5578
FACSIMILE:  (503) 200-5135